**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ERIK DI NARDO, | : : : | |
| Plaintiff, | : : | Civil Action No. 07-5529 (SRC) |
| v. | : : : | **OPINION & ORDER** |
| NED STEVENS GUTTER CLEANING & INSTALLATION, INC., | : : : | |
| Defendants. | : : | |

**CHESLER, U.S.D.J.**

This matter comes before the Court by the January 17, 2008 motion to dismiss Plaintiff's state law class claim pursuant to Federal Rule of Civil Procedure 12(b)(6) by Defendant Ned Stevens Gutter Cleaning & Installation, Inc. ("Defendant") [docket item #5]. Opposition to the motion was filed by Plaintiff Erik DiNardo ("Plaintiff") [docket item #8]. The Court has considered the papers filed by the parties in support of and in opposition to the motion, and, pursuant to Federal Rule of Civil Procedure 78, rules on the motion based on the papers submitted. For the reasons that follow, the Court denies Defendant's motion.

The underlying complaint in this case is a putative class claim, filed by Plaintiff, contending that Defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. 34:11-56a *et seq.* by improperly classifying 50-60 sales representatives to prevent them from receiving overtime pay for work in excess of 40 hours a week. (Compl. ¶¶ 9-14, 19-42). Plaintiff also seeks relief for

Defendant's alleged unjust enrichment (Compl. ¶¶ 43-45) and misappropriation of unpaid commissions (Compl. ¶¶ 46-50). In its motion to dismiss Plaintiff's NJWHL claim, Defendant argues that Plaintiff's FLSA and NJWHL claims are legally incompatible, asserting that the FLSA's provisions limiting collective actions to only those employees who affirmatively join in the lawsuit demonstrate express Congressional "intent to limit collective actions for overtime pay[,]" and conflict irreparably with the proposed Rule 23 NJWHL class action, where class members are automatically included unless they choose to opt-out.  (Def.'s Br. in Supp. of M. to Dismiss 2.)   This issue has previously been addressed within the District of New Jersey with divergent results. With the greatest respect to its colleagues who have determined differently on the issue of whether FLSA and NJWHL are compatible, this Court concurs with Judge Linares' reasoning in Freeman v. Hoffman-LaRoche, Inc., No. 07-1503, 2007 U.S. Dist. LEXIS 92589, at * 7-*10 (N.J.D. Dec. 18, 2007), determining that dismissal of a cause of action under NJWHL solely for "inherent incompatibility" with FLSA is not appropriate. As Judge Linares explained,

### A. Inherent Incompatibility

> Defendants urge the Court to dismiss or strike Plaintiffs' state law claims on the basis that "an FLSA opt-in collective action and a state law wage and hour opt-out class action are inherently incompatible and allowing both claims to proceed together contravenes Congressional intent." (Def. Br. at 8).  However, Defendants cite to no legal authority permitting this Court to dismiss Plaintiffs state law claims on such a basis. To the contrary, Defendants refer the Court to the Third Circuit's decision in De Asencio v. Tyson Foods, Inc., 342 F.3d 301 (3d Cir. 2003). The Court has reviewed the DeAsencio decision and finds that such does not permit the Court to dismiss Plaintiffs' state law claims without first conducting a thorough supplemental jurisdiction analysis. In particular, the Third Circuit explained that, in assessing whether a court should exercise supplemental jurisdiction over state law claims when brought alongside an FLSA collective

2

> action:
>
>> A court must examine the scope of the state and federal issues, the terms of proof required by each type of claim, the comprehensiveness of the remedies, and the ability to dismiss the state claims without prejudice to determine whether the state claim constitutes the real body of the case.  This necessarily is a case-specific analysis.
>
>> De Asencio, 342 F.3d at 312.
>
> Notwithstanding the foregoing, the Court is mindful that several courts within this district have dismissed similar state law class allegations solely on the basis of their "inherent incompatibility" with a collective action under the FLSA.  See, e.g., Herring v. Hewitt Assocs., No. 06-267, 2006 U.S. Dist. LEXIS 56189, 2006 WL 2347875 (D.N.J. Aug. 11, 2006) (striking plaintiffs' class allegations on the basis of their inherent incompatibility with the FLSA collective action); Himmelman v. Con'l Cas. Co., No. 06-166, 2006 U.S. Dist. LEXIS 56187, 2006 WL 2347873 (D.N.J. Aug. 11, 2006) (same).  Nevertheless, in light of the Third Circuit's analysis in DeAsencio, and absent any specific directive to the contrary, this Court finds that the more prudent approach in assessing whether an opt-out Rule 23 class action and opt-in FLSA collective action should proceed together in federal court is to engage in a proper supplemental jurisdiction analysis.  See, e.g., Hyman v. WM Fin. Servs., No. 06-4038, 2007 U.S. Dist. LEXIS 41433, 2007 WL 1657392 (D.N.J. June 7, 2007) (declining to dismiss state claims on the basis of inherent incompatibility, and, instead, engaging in supplemental jurisdiction analysis).  Therefore, to the extent that Defendants urge the Court to dismiss or strike Plaintiffs' state law class action allegations solely on the basis of their "inherent incompatibility" with the asserted FLSA collective action, Defendants' motion is denied.

Freeman v. Hoffman-LaRoche, Inc., No. 07-1503, 2007 U.S. Dist. LEXIS 92589, at * 7-*10 (N.J.D. Dec. 18, 2007) (footnotes omitted).  In the case at hand, Defendant has presented no argument related to supplemental jurisdiction; its motion relies solely on "inherent incompatibility." Accordingly,

3

**IT IS** on this 28th day of February, 2008

**ORDERED** that Defendant's motion to dismiss [docket item #5] be and hereby is

**DENIED**.

   /s Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge